# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-323V
**Not to be Published**

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
ANNMARIE AUER,                      *     Special Master Corcoran
                                    *
           Petitioner,              *     Filed:  December 14, 2015
                                    *
v.                                  *
                                    *     Entitlement; Brachial Plexopathy;
SECRETARY OF HEALTH                 *     Tetanus-diphtheria-acellular pertussis
AND HUMAN SERVICES,                 *     ("Tdap"); Conceded.
                                    *
           Respondent.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Camille M. Collett*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## **RULING FINDING ENTITLEMENT**[1]

On March 30, 2015, Petitioner Annmarie Auer filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed brachial plexopathy as a result of a Tetanus-diphtheria-acellular pertusis ("Tdap") vaccine that she received on May 15, 2012.

---

[1] Because this ruling contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published rulings inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole ruling will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act.

In her Rule 4(c) Report, Respondent indicated that the Petitioner's claim is compensable under the Act. Respondent specifically stated that the Division of Vaccine Injury Compensation ("DVIC"), Department of Health and Human Services, has reviewed the facts of this case and has concluded that "[P]etitioner's brachial neuritis was caused in fact by the Tdap vaccine she received on May 15, 2012." Rule 4(c) Report at 6. Additionally, the Rule 4(c) report acknowledges that "DICP did not identify any other causes for petitioner's brachial neuritis, and based on the medical records [], [P]etitioner met the statutory requirements by suffering the condition for more than six months." *Id.* Respondent therefore concludes that Petitioner is entitled to an award of damages.

In view of Respondent's concession, and based on my own review of the record (*see* Section 13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). A separate damages order will issue shortly.

Any questions may be directed to my law clerk, Ashley Yull, at (202) 357-6391.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master